981 F.2d 1251
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SECURITIES & EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
William S. GOTCHEY, Defendant-Appellant,
and
John A. WHITLEY, Defendant.
 No. 91-1855.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 30, 1992
Decided: December 28, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-90-514-R)
 William S. Gotchey, Appellant Pro Se.
 Lucinda Omea McConathy, Jacob H. Stillman, Martha Halley McNeely, Stuart Todd Rebish, Securities & Exchange Commission, Washington, D.C.; E. Montgomery Tucker, Office of the United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order enjoining William S. Gotchey from future violations of section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (1988); section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1988); Rule 10b-5, 17 C.F.R. § 240.10b5 (1991); and sections 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-6(1), (2) (1988). The litigation began with a civil enforcement action filed by the Securities and Exchange Commission (SEC) pursuant to 15 U.S.C. §§ 77t(b), 78u(d), 78u(e), 80b9(d) (1988), seeking to enjoin violations of the provisions cited above, and other equitable relief.
 
 
 2
 The record establishes that in 1987 Gotchey and John Arthur Whitley formed First American Financial Consultants, Inc. (FAFC), an investment adviser company registered with the SEC. Gotchey and Whitley each owned fifty percent of the firm, and Gotchey was the president. From August 1987 through June 1988, FAFC developed portfolios for approximately sixty-five clients investing a total of approximately $495,000.
 
 
 3
 In the fall of 1987, Paul L. Hatfield, an FAFC client, spoke with Gotchey about investing. As a result of their conversations, Hatfield invested $5000 with FAFC. In December, Hatfield spoke with Gotchey about investing additional money. Hatfield stated that he wished to invest $20,000, $15,000 of which he wished to place in a secure investment. Gotchey told Hatfield that he would be placing $15,000 in mortgage-backed securities to be invested through a mortgage company. Hatfield received interest payments from FAFC purportedly from the alleged investment. He also received statements confirming the investment had been made. In fact, Gotchey had deposited the entire $20,000 into an FAFC bank account. When Hatfield did not receive his interest payment due at the beginning of July 1988, he confronted Gotchey. Gotchey responded by asking Hatfield to sign an agreement whereby FAFC would repay the $15,000 in monthly installments over ten years. Hatfield refused. To date, Gotchey has not accounted for the $15,000, nor has Hatfield received any interest payments since June 1988.
 
 
 4
 Gotchey appeared pro se in the district court, filing an answer, counterclaim, and request for a jury trial. The district court granted the SEC's motion for summary judgment and issued a final judgment of permanent injunction against Gotchey. It later ordered Gotchey to disgorge $15,000 plus prejudgment interest. After a hearing to determine Gotchey's ability to pay, the district court waived the prejudgment interest. This appeal followed.
 
 
 5
 I.Antifraud violations.
 
 
 6
 The uncontroverted facts support the granting of equitable relief. The antifraud provisions of the Securities and Exchange Acts make it unlawful to use fraudulent practices and misrepresentations or omissions in connection with the offer, sale, or purchase of any security. 15 U.S.C. §§ 77q(a), 78j(b). To establish a violation of these provisions, the SEC must show that a defendant made a material misrepresentation of fact in connection with the sale or purchase of a security which a reasonable investor would find significant. See Basic, Inc. v. Levinson, 485 U.S. 224 (1988).[1]
 
 
 7
 Gotchey's actions occurred "in connection with" the sale offer or sale of a security. See Yoder v. Orthomolecular Nutrition Inst., Inc., 751 F.2d 555, 559 (2d Cir. 1985) (not crucial that actual purchase is performed); SEC v. National Sec., Inc., 393 U.S. 453, 465-66 (1969) (acts cover fraud in any part of the selling process). A reasonable investor would obviously have found much significance in Gotchey's assurances as to where the money would be invested. See Basic, 485 U.S. at 240. Finally, Gotchey acted with the requisite "mental state embracing intent to deceive, manipulate, or defraud," Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976), because he admitted to knowing where the money would be invested while providing contrary assurances. See McDonald v. Alan Bush Brokerage Co., 863 F.2d 809 (11th Cir. 1989) (severe recklessness satisfies scienter requirement); Hackbart v. Holmes, 675 F.2d 1114 (10th Cir. 1982) (same); Sharp v. Coopers & Lybrand, 649 F.2d 175 (3d Cir. 1981) (same), cert. denied, 455 U.S. 938 (1982).
 
 
 8
 In this case, Gotchey promised one thing (investment in mortgagebacked securities), and consciously delivered another. Based on these uncontroverted facts, we find no abuse of discretion in the district court's granting equitable relief. See SEC v. Goldfield Deep Mines Co., 758 F.2d 459, 465 (9th Cir. 1985).
 
 
 9
 II.Investment Advisers Act violation.
 
 
 10
 To establish a violation under sections 206(1) and (2) of the Investment Advisers Act, 15 U.S.C. § 80b-6 (1988), it must be shown that the defendant is an investment advisor, that he engaged in fraudulent activities, and that he negligently breached his fiduciary duty by making false and misleading statements or omissions of material fact. See SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180 (1963). Because it has been established that Gotchey is an investment adviser within the meaning of the Act, the previous analysis establishing liability under section 10(b) of the Exchange Act applies. SEC v. Blavin, 557 F. Supp. 1304, 1315 (E.D. Mich. 1983), aff'd, 760 F.2d 706 (6th Cir. 1985). We therefore find no abuse of discretion in the granting of an injunction in this regard.
 
 
 11
 III.Disgorgement.
 
 
 12
 After a district court establishes a violation of the Act, it retains the authority to order disgorgement. See SEC v. Blavin, 760 F.2d 706, 713 (6th Cir. 1985); SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1104 (2d Cir. 1972). The purpose of disgorgement is not to compensate investors, but to force the defendant into giving up unjust enrichment he received as a result of his illegal activities. SEC v. Tome, 833 F.2d 1086, 1096 (2d Cir. 1987), cert. denied, 486 U.S.
 
 
 13
 1014, 1015 (1988). We find no abuse of discretion in the district court's order of disgorgement in the amount of $15,000, the amount by which Hatfield was harmed, and therefore affirm.
 
 
 14
 IV.Remarks by the district court.
 
 
 15
 Gotchey alleges the district judge told him he was"guilty without a lawyer." The court denied that it made such a remark. There is no transcript of the proceeding during which this remark was purportedly made.[2] Even if the remark were made, viewed in the context of a summary judgment motion where the party opposing it has submitted no evidence to contradict the factual allegations, advice to obtain legal counsel was sound. It is likely that the district court warned Gotchey of the perilous position he was in without such assistance. We thus find no error with regard to the proceedings below.
 
 
 16
 We affirm the granting of summary judgment because there were no issues of material fact and the SEC was entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 In Basic, the Court addressed the antifraud provisions of the Securities Exchange Act of 1934. 15 U.S.C. § 78a. However, the cases interpreting and applying the antifraud provisions of the Securities Act and the Exchange Act are to be considered as one body of law. See Tcherepnin v. Knight, 389 U.S. 332, 342 (1967); Lincoln Nat'l Bank v. Herber, 604 F.2d 1038 (7th Cir. 1979)
 
 
 [2]
 Gotchey's motion for a transcript or tape recording of the proceeding is denied. We also deny Gotchey's motions for leave to proceed in forma pauperis, to overturn Judge Turk's order concerning pauper status, and to replace Judge Turk